UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                  :

CHABIERAJ SINGH,
                                  :

             Petitioner,          :

                                  :          26-CV-5370 (JMF)

        -v-                    :

                                  :       MEMORANDUM OPINION

TODD BLANCHE et al.,               :         AND ORDER

                                  :

             Respondents.      :

                                  :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Petitioner Chabieraj Singh ("Singh") is a legal permanent resident ("LPR") who is married to a United States citizen and has three young children in the United States.  On November 14, 2025, he was detained by Customs and Border Protection ("CBP") upon returning to the United States after an eight-day trip abroad; nearly nine months later, he remains in immigration detention despite the fact that an Immigration Judge granted his application for cancellation for removal, a ruling the Government is appealing to the Board of Immigration Appeals ("BIA").  Singh now petitions for the writ of habeas corpus, pursuant to 28 U.S.C. § 2241, arguing that he is entitled as a matter of due process either to release or to an individualized bail hearing at which the Government bears the burden of proving dangerousness or risk of flight by clear and convincing evidence.  *See* ECF No. 1 ("Pet."), at 1, 4.

In *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), the Second Circuit held that prolonged detention of a non-citizen without an individualized bond hearing can violate the Due Process Clause of the Fifth Amendment.  *See id.* at 150-51; *see also Mahdawi v. Trump*, No. 25-1113, 2026 WL 2090981, at *12 (2d Cir. July 21, 2026) ("[I]n the event that removal proceedings involving a detained individual are unreasonably prolonged, . . . a petitioner may file a habeas

petition and challenge his detention on the ground that it has reached an unreasonable length." (cleaned up)).[1]  In so holding, the *Black* court declined to adopt "a bright-line constitutional rule requiring a bond hearing after six months of detention — or after any fixed period of detention." 103 F.4th at 150.  Instead, the Circuit ruled, district courts should apply "the flexible . . . framework" adopted by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976), "to assess, case by case, whether an individual's prolonged . . . detention violates due process."  103 F.4th at 150.  The *Mathews* test calls for consideration of three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews*, 424 U.S. at 335; *see Black*, 103 F.4th at 147, 151.

Respondents contend that *Black* does not apply to Singh's case because, as an LPR who was detained while attempting to re-enter the country, his due process rights are weaker than those of an LPR (like the two petitioners in *Black*) who has been continuously present in the United States.  *See* Resps.' Mem 11.  The Court disagrees.  An LPR who remains outside of the United States for an "extended" period of time "may lose his entitlement to assimilation of his status to that of an alien continuously residing and physically present in the United States." *Landon v. Plasencia*, 459 U.S. 21, 33 (1982) (cleaned up); *see, e.g.*, *Shaughnessy v. United*

---

[1]     On June 15, 2026, the Supreme Court granted certiorari in *Black*.  *See Genalo v. Black*, No. 25-886, 2026 WL 1718025, at *1 (U.S. June 15, 2026).  But "a decision of the Second Circuit is binding unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court."  *CB v. St. Vincent's Servs., Inc.*, No. 16-CV-2282 (RMB), 2018 WL 1737701, at *4 (S.D.N.Y. Mar. 19, 2018) (cleaned up).  Thus, Respondents properly concede that *Black* remains binding on this Court.  *See* ECF No. 8 ("Resps.' Mem."), at 14 n.7.

*States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (holding that someone who traveled to Eastern Europe for approximately nineteen months during the Cold War should be treated for constitutional purposes as "an alien on the threshold of initial entry").  It is well established, however, that an LPR "returning from a *brief* trip" abroad has "a right to due process just as would a continuously present" LPR.  *Landon*, 459 U.S. at 31 (emphasis added).  Singh was abroad for only eight days, and there is no indication in the record that he harbored any intent to abandon his residency in the United States — far from it.  *See* ECF No. 7 ("Pardo-Figueroa Decl."), ¶¶ 10-11.  It follows that he is entitled to the same due process rights as the petitioners in *Black*.  *See, e.g.*, *Kwong Hai Chew v. Colding*, 344 U.S. 590, 596 (1953) (holding that an LPR who left the country on a four-month voyage retained his constitutional rights when he sought reentry); *Tapia v. Arteta,* No. 26-CV-2527 (VSB), 2026 WL 1863849, at *3 (S.D.N.Y. June 29, 2026) (holding that "an LPR returning from a short, eight-day trip abroad" was "entitled to due process under the Fifth Amendment"); *Peguero v. Arteta*, No. 26-CV-01715 (JAV), 2026 WL 821428, at *3 (S.D.N.Y. Mar. 25, 2026) (same in the case of a two-week vacation).[2]

Upon consideration of the *Mathews* factors, as interpreted and applied in *Black*, the Court concludes that Singh is entitled to habeas relief.  The first *Mathews* factor — "the private interest that will be affected by the official action" — weighs heavily in favor of Singh, who has now been detained for nearly months.  *Black*, 103 F.4th at 150 (observing that while there is no bright-line rule, "any immigration detention exceeding six months without a bond hearing raises serious due process concerns"); *see id.* at 138 (affirming a district court order granting relief to Black who, at that point, had been detained for seven months).  Indeed, Singh's "interest in being

---

[2]      In arguing otherwise, Respondents rely on *Jobe v. Whitaker*, 758 F. App'x 144, 146 (2d Cir. 2018) (summary order), *see* Resps.' Mem. 12, but that reliance is misplaced.  The language cited by Respondents in *Jobe* pertained to an equal protection claim, not a due process claim.

free" from detention "is the most significant liberty interest there is." *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020). That is true even though Singh's detention stems "in some sense" from a prior criminal conviction (to wit, a 2017 conviction for criminal possession of a forged instrument in the second degree). *Black*, 103 F.4th at 151. Singh "ha[s] served his entire [probationary ] sentence" for that prior conviction, and his current "detention[ ] did not arise from new or unpunished conduct." *Id.*; *see, e.g.*, *Sheriff v. Arteta*, No. 1:26-CV-04071 (JLR), 2026 WL 1786488, at *5 (S.D.N.Y. June 22, 2026). Moreover, Singh has lived in the United States for over twenty years; he has been separated from his three young children for nearly a year; and before he was detained, he provided critical support to his children and his wife, who suffered a heart attack and stroke after the birth of their youngest child in 2022. ECF No. 1-1, Ex. B, at 4-5 (describing that Singh provides three quarters of household income and transports his wife to hospital visits to manage her ongoing neurological symptoms); *id.* at 5 (describing the deep psychological impact of Singh's absence on his daughters); *see also, e.g.*, *Peguero*, 2026 WL 821428, at *4 (finding that noncitizen's detention had "'seriously affected' his private interest more generally" given his separation from his young son and family "who depend on [him] as a caretaker" (quoting *Black*, 103 F.4th at 151)); *Joseph v. Arteta*, No. 26-CV-2979 (JGK), 2026 WL 1193489, at *6 (S.D.N.Y. Apr. 30, 2026) (considering the impact of the petitioner's absence on family members). As Respondents concede, these personal circumstances render Singh's private interest "weighty." Resps.' Mem. 18.

The second *Mathews* factor is "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. Significantly, "[t]he only interest to be considered" in connection with the second factor "is that of the detained individual[] — not the government."

4

*Black*, 103 F.4th at 152. In Singh's case, his interest is weakened because he was, shortly after he was taken into custody, granted an individualized bond hearing. ECF No. 9-6 ("Bond Order"), at 8-9.[3] But notwithstanding that process, the Court concludes that the second *Mathews* factor weighs in his favor as well. That is because, "as the period of confinement grows, so do the required procedural protections no matter what level of due process may have been sufficient at the moment of initial detention." *Velasco Lopez*, 978 F.3d at 853 (cleaned up). More to the point, the Second Circuit has held that an initial bond hearing at which the burden of proof is imposed on the petitioner — as was the case at Singh's initial bond hearing, *see* Bond Order 9 — does not suffice when, as here, detention has become unduly prolonged. *Velasco Lopez*, 978 F.3d at 853-56; *accord Black,* 103 F.4th at 155 ("Requiring that detainees like [Singh] prove that they are *not* a danger and *not* a flight risk — after the government has enjoyed a presumption that detention is necessary — presents too great a risk of an erroneous deprivation of liberty after a detention that has already been unreasonably prolonged." (emphases in original)); *see also, e.g.*, *Gunes v. Warden, Broome Cnty. Corr. Facility*, No. 9:26-CV-00525 (BKS), 2026 WL 1383137, at *6 (N.D.N.Y. May 18, 2026) ("Because the burden of proof was assigned to Petitioner during the [December 20, 2025] bond hearing, it did not comport with due process and a new hearing is required."). Moreover, circumstances have changed materially since Singh's initial hearing, as an Immigration Judge granted his application for cancellation of removal. ECF No. 1-1, Ex. A, at 4. The Government's appeal of that decision to the BIA notwithstanding, that decision increases the likelihood that his continued detention constitutes an erroneous deprivation of liberty. *See, e.g.*, *Joseph*, 2026 WL 1193489, at *7 (considering that an immigration judge had

---

3     At Singh's bond hearing, the Immigration Judge denied Singh's bond request for lack of jurisdiction and ruled, in the alternative, that Singh had failed to establish that he is not a danger to the community in light of his 2017 conviction. Pet. 3; ECF No. 9-6 ("Bond Order"), at 8-9.

ruled that the petitioner, "despite his convictions of crimes involving moral turpitude, qualifie[d] for cancellation of removal" in applying the *Mathews* factors).

That leaves the third *Mathews* factor: "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. To be sure, immigration authorities have a strong interest in enforcement of the nation's immigration laws and broad discretion to detain noncitizens and to impose supervised release conditions. *See, e.g.*, *Landon*, 459 U.S. at 34. But in this case, the Government would not suffer undue fiscal or administrative hardship by providing Singh an individualized bond hearing. "[T]he additional resources that the government will need to expend to justify continued detention at [such a] bond hearing[] will be minimal — and will likely be outweighed by costs saved by reducing unnecessary detention." *Black*, 103 F.4th at 154-55; *see also Veletanga v. Noemi*, No. 25-cv-9211 (NSR), 2025 WL 3751865, at *7 (S.D.N.Y. Dec. 26, 2025) (holding that bond hearings "are a routine feature of immigration proceedings" frequently ordered by district courts). The other interests that Respondents advance — namely, "(1) ensuring the noncitizen's appearance at proceedings, and (2) protecting the community from noncitizens who have been involved in crimes that Congress has determined differentiate them from others," Resps.' Mem. 20-21 — were considered and dismissed in *Black*. A bond hearing, the Second Circuit explained, "do[es] nothing to undercut those interests. At any ordered bond hearing, the [Immigration Judge] would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community." *Black*, 103 F.4th at 153-54. This factor thus weighs in Singh's favor too.

In short, applying the Second Circuit's binding decision in *Black* to this case, the Court concludes that Singh is entitled to habeas relief. Although Singh asks the Court to order his

immediate release, *see* Pet. 4, the Court concludes that his alternative request — for an individualized bond hearing at which the burden is on the Government to show, by clear and convincing evidence, the need for his continued detention and the Immigration Judge is required to consider his ability to pay and alternative means of assuring his appearance — is more appropriate.  *See Black*, 103 F.4th at 155-59 (affirming the district court's order granting that relief); *see also, e.g.*, *Sheriff*, 2026 WL 1786488, at *1 (granting that relief to an LPR detained on the same grounds as Singh); *Joseph*, 2026 WL 1193489, at *1 (same); *Fortunato Tapia v. Arteta*, No. 26-CV-2527 (VSB), 2026 WL 1863849, at *4, *7 (S.D.N.Y. June 29, 2026) (same). Accordingly, no later than **August 6, 2026**, the immigration court must either (1) hold a bond hearing conforming to the foregoing requirements or (2) release Singh.  *See Sheriff*, 2026 WL 1786488, at *7.  No later than **August 7, 2026**, Respondents shall file a letter with the Court certifying that Singh has either received a bond hearing or been released.

The Clerk of Court is directed to close the case and enter judgment in accordance with this Memorandum Opinion and Order.

SO ORDERED.

Dated: July 30, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

7